IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTATE OF ALLEN REUBEN, | § | |
| DECEASED, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO._____ |
| V. | § | |
| | § | |
| HOPE4CANCER INSTITUTE, LLC, | § | |
| ANTONIO JIMENEZ, MD, and | § | |
| DEWAYNE SMITH, PHD, Individually | § | |
| Defendants. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

The Estate of Allen Reuben, Deceased, hereinafter called Plaintiff, complaining of and about **HOPE4CANCER INSTITUTE, LLC, ANTONIO JIMENEZ, MD, and DEWAYNE SMITH, PHD, Individually,** hereinafter called Defendants, and for cause of action would show unto the Court the following:

## PARTIES AND SERVICE

1. Plaintiff, Estate of Allen Reuben, Deceased, is a pending probate case in Dallas County, Texas, wherein Rex Nichols was appointed Independent Executor of the Estate.

1

2. Defendant Hope4Cancer Institute, LLC, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the President of the corporation, Antonio Jimenez, MD, at 3910 Lyons Valley Road, Suite L, Jamul, CA 91935.

3. Antonio Jimenez, MD, is a practicing physician who is a resident of California, USA, and nay be served with citation in this cause at 3910 Lyons Valley Road, Suite L, Jamul, CA 91935.

4. Dewayne Smith, PHD, is a doctor residing in the State of Utah, and may be served with citation in this cause at the following address:

6502 W. Dirassy Drive, Herriman, UT 84065

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks monetary relief of $200,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

7. This court has jurisdiction over Defendant Hope4Cancer Institute, LLC, because said Defendants purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Hope4Cancer Institute, LLC will not offend traditional notions of

fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would show that Defendant Hope4Cancer Institute, LLC had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

9. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Hope4Cancer Institute, LLC to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

10. Furthermore, Plaintiff would show that Defendants, Hope4Cancer Institute, LLC, Antonio Jimenez, MD and Dewayne Smith, treated the patient and engaged in activities constituting business in the State of Texas, in that said Defendants contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

11. Venue in the Northern District of Texas is proper in this cause because the services were rendered in Dallas, TX and the Estate is pending in the Probate Court of Dallas County, TX.

## FACTS

12. Allen Reuben, MD, was a practicing physician in Dallas, Texas when she was diagnosed with brain cancer. She was approached by the Defendants to undergo specialized treatment for his illness, and was promised a cure or a

3

stoppage of the growth of the cancer. Margaret Nichols relied on the false promises and was induced to spend the money for the treatment.

13. After receiving false promises regarding the effectiveness of this treatment, Mrs. Nichols agreed and received the drug and the treatment on or around June 21, 2012.

14. Immediately after the drug was administered, Margaret Nichols experienced no change in the growth of the cancer and she died three weeks later. Plaintiff received no benefit from this treatment and the promises and representations of the Defendants were false.

## DECEPTIVE TRADE PRACTICES

15. Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

16. Unconscionable Action or Course of Action. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

17. Violations of Section 17.46(b). Defendants violated Section 17.46(b)

4

of the Texas Business and Commerce Code, in those Defendants:

  (a) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which she does not;

  (b) represented that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; and

  (c) failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

18. <u>Producing Cause</u>.  Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

19. <u>Reliance</u>.  Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

20. <u>Written Notice Given</u>.  Plaintiff has timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated July 19, 2013, and would show compliance with

5

all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## COMMON LAW FRAUD

21. Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to its detriment.

22. Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

23. As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## NEGLIGENT MISREPRESENTATION

24. Plaintiff would show that Defendants supplied false information in the course of said Defendants' business, profession or employment, or in the course of a transaction in which Defendants has a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the

transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

25. Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by <u>Federal Land Bank Association of Tyler v. Sloane</u>, 825 S.W.2d 439 (Tex. 1991).

## ECONOMIC AND ACTUAL DAMAGES

26. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

    (a) payments made to the Defendants in the sum of $146,950.00.

    (b) Travel and lodging to and from Dallas, TX for the treating physician.

## DAMAGES FOR MENTAL ANGUISH

27. Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

28. As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that

7

would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

29.  Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

## ATTORNEY'S FEES

30.  Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

**WSHEREFORE, PREMISES CONSIDERED**, Plaintiff, Estate of Allen Reuben, Deceased, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final shearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum

jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By: /s/ Bruce N. Patton
Bruce Patton, Texas Bar No. 15626200
Email: bpattonlaw@gmail.com
5720 Marquita #11; Dallas, Texas 75206
Tel. (972-803-5365);Fax 972-468-9544
Attorney for Plaintiff
Estate of Allen Reuben, Deceased