**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THE ESTATE OF ALLEN REUBEN, DECEASED<br><br>Plaintiffs,<br><br>v.<br><br>HOPE4CANCER INSTITUTE, LLC, ANTONIO JIMENEZ, MD, and DEWAYNE SMITH PhD, Individually<br><br>Defendants. | Civil Action No.<br><br>3:15-cv-2357-D<br><br>***Jury Trial Requested*** |

**MOTION TO DISMISS[1]**
**FOR LACK OF PERSONAL JURISDICTION**
**(with Consolidated Brief in Support)**

Defendant, DEWAYNE SMITH, PhD, by and through undersigned counsel, makes this his Motion to Dismiss under Rule 12(b)(2) for Lack of Personal Jurisdiction and would show as follows:

[1] This Motion is filed contemporaneously with the Dewayne Smith PhD's Motion to Stay and Compel Arbitration as well as Motion to Dismiss and Alternatively for a More Definite Statement and they are meant to be joined here under Rule 12(g)(1).

## BACKGROUND

1. This action arises from alleged treatment Dr. Allen Reuben received in the seven weeks prior to his death from brain cancer in 2012 [Document 8, Para. 12].

2. Plaintiff alleges that Dr. Reuben had a drug administered to him on June 21, 2012 and that he died "weeks later" without any improvement in his apparently already terminal brain cancer [Document 8, Paras. 13-14].

3. The suit alleges that Dr. Reuben, a highly regarded, Texas-licensed medical doctor, was somehow misled by Hope4Cancer Institute, LLC, Antonio Jimenez, MD and/or Dewayne Smith, PhD who allegedly (1) promised a cure for his brain cancer or otherwise (2) promised a stoppage of the growth of his brain cancer [Document 8, Para. 12].

4. More than three years after the alleged misrepresentations, on July 18, 2015, the Estate of Allen Reuben sued under the Texas Deceptive Trade Practices Consumer Protection Act (DTPA), for Fraud and for Negligent Misrepresentation [Document 1]. The Second Amended Complaint contains the same causes of action [Document 8].

5. This Motion is filed on the basis of Rule 12(b)(2) – Lack of Personal Jurisdiction.

ARGUMENT AND AUTHORITIES

6. Dewayne Smith, PhD is improperly sued as an individual. His contact with Dr. Reuben was only as an officer (President) of Delta Member Services, Inc. (Appendix Pages 001-002, 006).

7. On June 20, 2012, Dr. Reuben electronically executed a Private Research Club Membership Agreement with Delta Member Services, Inc. a Utah corporation (Appendix Pages 010 and 019) which governed the relationship:

**DELTA WELLNESS CLUB**
**PRIVATE RESEARCH CLUB MEMBERSHIP AGREEMENT**

This membership agreement (the "Agreement"), effective as of **6/20/2012** (the "Effective Date"), is entered into by Allen Reuben, an inhabitant of Texas and DELTA MEMBER SERVICES, INC., a Utah Corporation, ("Club").

WHEREAS, the private Club intends to provide Applicant access to its web based case management platform along with a variety of wellness based resources intended to address issues of bio-electric depletion and other general health related issues, and wishes to determine whether Applicant meets the criteria for membership in the Club, and confirm certain information provided by the Applicant, and provide for the release of liabilities.

WHEREAS, the Applicant wishes to apply for private membership to gain access to the member value-added benefits, research programs, proprietary technologies and other educational resources available only by and through the private membership Club, and

* * *

IN WITNESS WHEREOF, I have solely agreed and accepted to digitally sign and execute this agreement on today's date.

**REGISTRANT and APPLICANT for Membership:**

First Name: Allen

Last Name: Reuben

Date: **6/20/2012**

**CLUB:**
By: DELTA MEMBER SERVICES, INC.
A UTAH CORPORATION

8. The agreement allows for membership access to a website with information on health-related issues (Appendix Page 010 – recital paragraphs). The agreement gives "Membership privileges" which include access to the website and information contained there as well as access to contact other persons and entities giving non-medical care (Appendix Pages 012-013, Para. 2; Appendix Page 014, Para. 13):

**2. Membership privileges.** Upon acceptance as a Club member, Applicant shall have all of the present benefits and privileges of membership for the duration of Applicant's active membership.

**a.** Access to proprietary technologies and nutraceuticals.

**b.** Access to self-treatment resources, research, information and education.

**c.** Access to preventative or anticipatory pro-health resources and programs

**d.** Access to virtual medical culture.

**e.** Access to hybrid clinical affiliates.

**f.** Access to priority research and development.

**g.** Access to empowered global education and information exchange.

* * *

**13. Club Information.** The Club disseminates information primarily (although not exclusively) via its web site. In the event of acceptance as a member, Applicant will be provided with a "User Name" and Password that will enable Applicant to access the "Member Portal" back office section of the Club's web site. In order to best serve the world wide membership platform, the Club requires for the Applicant to use the internet as the primary method of obtaining information, education, support in programs and access to the Case Management resources from the Club.□

9. This site did and does nothing more than to provide information and products as well as access to other potential treatment providers via a Utah administered website and as such does not constitute sufficient contacts with Texas to provide either general or specific jurisdiction in Texas, See *Jennings v. AC Hydraulic A/S*, 383 F3d 546, 549-50 (7th Cir. 2004)(providing information via a website is insufficient to confer personal jurisdiction).

10. Specifically, Smith is a citizen of Utah and resides in Utah (Appendix Page 002). Smith is a principal of the entity Delta Member Services, Inc. which is a Utah corporation (Appendix Pages 001, 003 and 004-009). Smith's communications regarding Dr. Reuben were by and through Delta Member Services, Inc. (Appendix Page 001-002).

11. Delta Member Services, Inc. maintained a member-accessible website (Appendix Page 001, 002 and 010). Per the agreement above, the services are to be performed under Utah law and subject to arbitration in Utah (Appendix Page 019, Para. 22).

12. The contact made by Dr. Reuben was initiated by Mr. Rex Nichols[2] who contacted Dewayne Smith, PhD by telephone while Smith was in Utah (Appendix Page 001) regarding an unrelated potential project in Cancun, Mexico. Mr. Nichols' wife was also a Delta Member Services, Inc. member and Mr. Nichols introduced Dr. Reuben to Dewayne Smith, PhD to discuss Delta Member Services, Inc. (Appendix Page 001).

13. The agreement with Dr. Reuben (Appendix Pages 010 and 019) contains several other provisions of import to jurisdiction. First, the agreement signed by Dr. Reuben specifically, repeatedly, categorically and in as many different ways and permutations as possible states that Delta Member Services, Inc. is not providing nor guaranteeing any kind of medical care, advice, diagnosis or treatment (Appendix Pages 010-012 – Paras. 1.a., b., c., d., f., g., h., i., j., k.

[2] Who also claims to be the Executor of Dr. Reuben's Estate.

and l; Appendix Pages 014-016 - Paras. 14., a., b., c., d., e., f., and i.). This is relevant to jurisdiction because these provisions deal with disclaimers contradicting the very representations that the Plaintiff asserts were made to Dr. Reuben and are the basis for suit; as such, the suit involves questions concerning this Utah agreement.

14. Second, the agreement applies Utah law and provides for arbitration in Utah for any matters arising out of or in connection with the agreement (Appendix Page 019, Para. 22):

> **22. Choice of Law and Choice of Forum.** This Agreement shall be deemed and construed to be under the laws of the State of Utah. This Agreement shall bind both parties individually and collectively. Any and all disputes that may arise out of, or in connection with this agreement shall be subject to Binding Arbitration. All Disputes arising in connection with this agreement shall be settled under the State of Utah arbitration rules and/or procedures established thereby. The arbitrator's decision shall specifically set forth the facts and separately state the applicable law upon which the decision lies. The decision of the arbitrator shall be final and binding upon the parties. The place of Arbitration shall be in the State of Utah.

15. Due process requires the satisfaction of two elements to exercise personal jurisdiction over a nonresident defendant: (1) the nonresident must have sufficient contacts with the forum, resulting from affirmative action on its part, such that the nonresident defendant could anticipate being hailed into the courts of the forum state; and (2) it must be fair and reasonable to require the nonresident to defend itself in the forum state. See *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78

(1985); *Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir.), *cert. denied*, 498 U.S. 900 (1990). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

16. In *Keith v. J.D. Byrider Systems, LLC*, 2015 WL 3539555 (N.D.Tex., June 5, 2015) this Court stated the standard for the contacts required for specific or general jurisdiction as follows:

> A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "For the court properly to assert specific personal jurisdiction, the defendant must have 'purposefully directed' his activities at residents of the forum, and the litigation must result from alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *Archer & White, Inc. v. Tishler*, 2003 WL 22456806, at *2 (N.D.Tex. Oct.23, 2003) (Fitzwater, J.) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.' " *Id.* (citations omitted). "[A] court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum

> State.' " *Daimler AG v. Bauman*, —— U.S. ——, 134 S.Ct. 746, 751, 187 L.Ed.2d 624 (2014) (first brackets added) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 —— U.S. ——, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011)).

17. There is simply no proof that Smith has continuous and systematic affiliations with Texas so as to render him subject to suit under the general jurisdiction of Texas, See *Monkton Insurance Services, Limited v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)(It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.")

18. Simply contracting with and deriving profits from a Texas resident does not confer specific jurisdiction either, *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 717 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000).

19. Neither Delta Member Services, Inc. nor Dewayne Smith, PhD has sufficient contacts with Texas for this Court to exercise specific or general jurisdiction. Accordingly, the Plaintiff's complaint as to Dewayne Smith, PhD should be dismissed for lack of personal jurisdiction.

CONCLUSION

The claims of the Plaintiff as to Dewayne Smith PhD are subject to dismissal for lack of personal jurisdiction (general or specific). Dewayne Smith, PhD so prays.

Respectfully submitted,

*/s/ Charles H. Peckham*

______________________________

Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@peckhampllc.com

Mary A. Martin
TBN: 00797280
FBN: 12272
mmartin@peckhampllc.com

PECKHAM, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044
(713) 493-2255 – facsimile

COUNSEL FOR DEFENDANT
DEWAYNE SMITH, PhD

**CERTIFICATE OF CONFERENCE**

Pursuant to the local rules, no conference is necessary on this motion.

*/s/ Charles H. Peckham*

______________________________

Charles H. Peckham

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that a true and correct copy of this document was served pursuant to the Federal Rules of Civil Procedure to the following counsel of record, on this the 24th day of February 2016:

Bruce Patton
Attorney at Law
5720 Marquita #11
Dallas, Texas 75206
Telephone: (972) 803-5365
Facsimile: (972) 468-9544
Email: bpattonlaw@gmail.com

**COUNSEL FOR PLAINTIFF**

*/s/ Charles H. Peckham*
______________________________
Charles H. Peckham