**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ESTATE OF ALLEN REUBEN,** | § | |
| **DECEASED,** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:15-cv-02357** |
| **V.** | § | |
| | § | |
| **HOPE4CANCER INSTITUTE, LLC,** | § | |
| **ANTONIO JIMENEZ, MD, and** | § | |
| **DEWAYNE SMITH, PhD, Individually** | § | |
| **Defendants.** | § | |

# PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

Rex Nichols, Independent Executor of The Estate of Allen Reuben, Deceased, hereinafter called Plaintiff, complaining of and about **HOPE4CANCER INSTITUTE, LLC, ANTONIO JIMENEZ, MD, and DEWAYNE SMITH, PhD, Individually,** hereinafter called Defendants, and for cause of action would show unto the Court the following:

## PARTIES AND SERVICE

1. Plaintiff, Rex Nichols is the Independent Executor of the Estate of Allen Reuben, Deceased, Cause No. PR-13-337-3 ("the Estate"). The Estate is a pending probate case in Probate Court #3 in Dallas County, Texas. Rex Nichols is the duly appointed Independent Executor of the Estate.

2. Defendant Hope4Cancer Institute, LLC, ("Hope4Cancer") a nonresident limited liability corporation, may be served pursuant to sections 5.201

and 5.255 of the Texas Business Organizations Code by serving the President of the limited liability corporation, Antonio Jimenez, MD, at 3910 Lyons Valley Road, Suite L, Jamul, CA 91935.

3. Defendant, Antonio Jimenez, MD, is a practicing physician who is a resident of California, USA, and may be served with citation at 3910 Lyons Valley Road, Suite L, Jamul, CA 91935.

4. Defendant, Dewayne Smith, PhD, is a individual resident of the state of Utah, and may be served with citation at 2332 West 12600 South, Suite F, Riverton, UT 84065

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court pursuant to 28 USC Section 1332, because the dollar amount of this matter in controversy exceeds the sum of $75,000.00. Further, it is also within the jurisdictional limits of this court because the case concerns citizens of two (2) different states. Plaintiff Rex Nichols, is a citizen of the state of Texas and is the duly appointed Independent Executor of the Estate of Allen Reuben, by Order dated February 11, 2013, probate case (Cause # PR-13-337-3), now pending in Probate Court No. 3, Dallas County, Texas. This Estate was created following the death of Rex Nichols' business partner, Allen Reuben.

Defendant Hope4Cancer, is a nonresident limited liability corporation formed in the state of California. Antonio Jimenez is the Managing Member. Defendant Antonio Jimenez ("Jimenez") is a citizen of the state of California. Defendant Dewayne Smith ("Smith") is a citizen of the state of Utah.

6. Plaintiff seeks monetary relief of $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

7. This court has jurisdiction over Defendants Hope4Cancer, Jimenez and Smith, because said Defendants purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants. The assumption of jurisdiction over Hope4Cancer will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. The Defendants came to Texas to treat Dr. Reuben and all payments came from Texas.

8. Plaintiff would show that Defendants Hope4Cancer, Jimenez and Smith, had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants. The initial interview of Dr. Reuben occurred in Texas and doctors from Hope4Cancer treating him in Texas up until the time of his death.

9. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants Hope4Cancer, Jimenez and Smith, to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

10. Furthermore, Plaintiff would show that Defendants Hope4Cancer, Antonio Jimenez, MD and Dewayne Smith, treated Dr. Reuben and engaged in activities constituting business in the state of Texas which included providing medical treatment, administering medications and all other medical services a doctor would provide. Defendants contracted with a Texas resident and performance of the agreement in whole or in part thereof occurred in the state of Texas.

11. Venue in the Northern District of Texas is proper in this cause because the services (medical services mentioned in number 10 above) were

rendered in Dallas, Texas. The Estate of Allen Reuben is pending in Probate Court No. 3 of Dallas County, Texas.

## FACTS

12. Allen Reuben, MD, was a practicing physician in Dallas, Texas when he was diagnosed with brain cancer. Dr. Reuben was approached by the Antonio Jimenez, who represented himself as a medical doctor, licensed in the state of California, while attending a medical seminar in Southlake, Tarrant County, Texas. Reuben was interview by Jimenez in Texas to undergo specialized treatment for his illness. Dr. Reuben was promised a cure of his cancer or a stoppage of its growth independently by all three Defendants. This representation was made personally by Antonio Jimenez on or around May 2012. The promise of a cure of his cancer or to at least inhibit the growth of the cancer continued during the time that Dr. Reuben began treatment until his death on August 13, 2012. Allen Reuben relied on the false promises to his detriment and was induced to spend money for the cancer treatment.

13. After receiving false promises regarding the effectiveness of the treatment, Dr. Reuben agreed and received the drug and treatment on or around June 21, 2012. Dr. Reuben was billed for drug and treatment services and made payments to Defendant Hope4Cancer in the amount of $46,950.00. Payment was made on June 8, 2013. A second payment in the amount of $17,500.00 was made on July 16, 2012. This treatment included the drug developed by Defendant Smith known as the BX Protocol. This treatment of Dr. Reuben lasted until his death on August 13, 2012.

14. Immediately after the drug was administered, and continuing until his death, Dr. Reuben experienced no change in the growth of the cancer and he

died approximately 63 days later. Plaintiff received no benefit from this treatment. The promises and representations of the Defendants were false and were made for the purpose of inducing Dr. Reuben to spend more money for a non-effective treatment.

## DECEPTIVE TRADE PRACTICES

15. Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below. These false and misleading statements included a promise that the cancer would be cured and/or prevented from further growth.

16. Unconscionable Action or Course of Action. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree. Defendants took advantage of a dying man with an incurable disease and promised him a cure for his brain cancer.

17. Violations of Section 17.46(b). Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in those Defendants:

(a) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he/she does not;

(b) represented that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; and

(c) failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. (Defendants knew that the drug would not "cure" the cancer)

18. Producing Cause. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow. The treatment did not perform as promised and resulted in Dr. Reuben's death.

19. Reliance. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment. Dr. Reuben went through the exercise and expense of paying for a doctor's travel to Dallas, Texas, to conduct treatment and administer the drug.

20. Written Notice Given. Plaintiff has timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated July 19, 2013, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

**COMMON LAW FRAUD**

21. Plaintiff further shows that Defendants made material false representations to Plaintiff regarding the effectiveness of the treatment, with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff. Both Jimenez and Smith told Dr. Reuben that the treatment would cure him of his cancer. Plaintiff relied on these

representations to his detriment as the treatment was totally ineffective and failed to produce the results promised by the Defendants.

22. Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants regarding the treatment being administered by the Defendants and that said treatment was ineffective. Defendants knew that Plaintiff did not have knowledge or ability to analyze their promise to cure cancer nor did Plaintiff have equal opportunity to discover the truth. Dr. Reuben was in a compromised, frail condition. Part of his brain had been removed. Eventually he could not talk or walk. Defendants took advantage of his condition and induced Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose that it would not cure his cancer.

23. As a proximate result of such fraud, Plaintiff sustained the damages described more fully below.

**NEGLIGENT MISREPRESENTATION**

24. Plaintiff would show that Defendants supplied false information in the course of said Defendants' business, profession or employment, or in the course of a transaction in which Defendants has a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully herein below, which was proximately caused by Plaintiff's justifiable reliance on such information.

25. Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendants, as provided by <u>Federal Land Bank</u>

Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## ECONOMIC AND ACTUAL DAMAGES

26. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

(a) payments made to the Defendants in the sum of $46,950.00 and $17,500.00;

(b) the cost of related equipment, travel and lodging to and from Dallas, Texas by the associate physician who worked for the Defendants in the total amount not greater than $17,800.

## DAMAGES FOR MENTAL ANGUISH

27. Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendants knew that the treatment was ineffective and had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions. Defendants knew Dr. Allen Reuben was dying and continued to administer treatment under the pretense that his condition would improve and that he would eventually be cured.

28. As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

29. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff

act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness and would pay the amounts requested.

## ATTORNEY'S FEES

30. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, with additional amounts on appeal, pursuant to the laws of the State of Texas and other laws as the Court deems equitable and just.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Rex Nichols, Independent Executor of the Estate of Allen Reuben, Deceased, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

*/s/ Bruce Patton*

By: ______

Bruce Patton, Texas Bar No. 15626200
Email: bpattonlaw@gmail.com
5720 Marquita #11; Dallas, Texas 75206
Tel. (972-803-5365); Fax 972-468-9544
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 4, 2016, a true and correct copy of the foregoing document was served upon opposing counsel electronically as follows:

Charles H. Peckham, Attorney for Dewayne Smith at cpeckham@peckhampllc.com.

Doug Dube, Attorney for Antonio Jimenez and Hope4Cancer at dube.law.office@gmail.com

*/s/ Bruce Patton*
By: ______
Bruce Patton, Texas Bar No. 15626200
Email: bpattonlaw@gmail.com