IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESTATE OF ALLEN REUBEN, DECEASED, § § § Plaintiff, § § Civil Action No. 3:15-CV-2357-D VS. § § HOPE4CANCER INSTITUTE, LLC, § et al., § § Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Dewayne Smith, Ph.D ("Dr. Smith") moves to dismiss plaintiff Rex Nichols' ("Nichols'") action against him for lack of personal jurisdiction. The question presented is whether Nichols has made a sufficient prima facie showing of personal jurisdiction despite Dr. Smith's reliance on the fiduciary shield doctrine. Concluding that Nichols has not made the required prima facie showing, the court grants Dr. Smith's motion and dismisses Nichols' action against him without prejudice.

I

Nichols filed this lawsuit on behalf of the Estate of Allen Reuben against Dr. Smith and two other defendants,[1] seeking to recover for violations of the Texas Deceptive Trade Practices-Consumer Protection Act and on theories of fraud and negligent misrepresentation.

---

[1]On Nichols' motion, the court dismissed with prejudice his actions against the other two defendants: Hope4Cancer Institute, LLC and Antonio Jimenez, M.D.

Allen Reuben ("Dr. Reuben") was a practicing physician in Dallas who suffered from brain cancer and later died. Dr. Reuben's associate—Nichols—introduced Dr. Smith to Dr. Reuben.

Dr. Smith is a resident of Utah and is the president of Delta Member Services, Inc. ("Delta"), a Utah corporation. Delta is a "wellness club" that offers health information and support services. D. Mot. to Dismiss App. 10. Dr. Reuben enrolled as a member of Delta. He entered into a Private Research Club Membership Agreement ("Agreement") with Delta that stated that no medical treatment would be offered. The Agreement provided, *inter alia*, that the "[e]ducation and general information offered through [Delta] is never intended to diagnose, treat, cure, or prevent any disease." D. Mot. to Dismiss App. 11. Dr. Smith avers that his only contact with Dr. Reuben was in his capacity as a representative of Delta. He also asserts that he made no representation that he could cure or stop the growth of Dr. Reuben's brain cancer.

After Dr. Reuben died, Nichols filed this lawsuit on behalf of Dr. Reuben's estate, alleging violations of the Texas Deceptive Trade Practices-Consumer Protection Act and claims for fraud, and negligent misrepresentation. Dr. Smith moves under Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction.[2]

---

[2] Dr. Smith has also filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, or, alternatively, for a more definite statement and a motion to stay proceeding and compel arbitration. The court need not reach either of these motions.

- 2 -

II

Dr. Smith maintains that the court lacks personal jurisdiction over him.

A

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over Dr. Smith would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should

reasonably anticipate being haled into court" in the forum state. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted).[3]

A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "For the court properly to assert specific personal jurisdiction, the defendant must have 'purposefully directed' his activities at residents of the forum, and the litigation must result from alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *Archer & White, Inc. v. Tishler*, 2003 WL 22456806, at *2 (N.D. Tex. Oct. 23, 2003) (Fitzwater, J.) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted). "[A] court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, ___ U.S. ___, 134 S.Ct. 746, 751 (2014) (first brackets added) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

---

[3] To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interests in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

"The district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) (footnote omitted).

> When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a prima facie case for personal jurisdiction.

*Latshaw*, 167 F.3d at 211 (footnotes omitted). "This liberal standard, however, does not require the court to credit conclusory allegations, even if they remain uncontradicted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 2000 WL 35615925, at *2 (N.D. Tex. Sept. 15, 2000) (Fitzwater, J.) (citing *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 n.16 (5th Cir. 1996)), *aff'd*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam) (affirming, *inter alia*, this conclusion).

B

Dr. Smith invokes the fiduciary shield doctrine, contending that he is a resident of Utah and that his only contacts with the state of Texas were in his capacity as a representative of Delta. He maintains that such contacts, only in his corporate capacity, are insufficient to confer personal jurisdiction over him as an individual.[4]

As a general rule, under the fiduciary shield doctrine, "an individual's transaction of

---

[4]Dr. Smith also relies on other grounds to contend that the court lacks general and specific personal jurisdiction over him. Because the fiduciary shield argument is sufficient to decide the issue of personal jurisdiction, the court need not address these grounds.

- 5 -

business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation[.]" *Optimum Return LLC v. CyberKatz Consulting, Inc.*, 2004 WL 827835, at *3 (N.D. Tex. Mar. 26, 2004) (Fitzwater, J.) (quoting *Stuart*, 772 F.2d at 1197). Dr. Smith has introduced evidence that all his contacts with the state of Texas were in a corporate capacity. He avers in his declaration that all communications with Dr. Reuben were about information, products, and referrals regarding Delta. Nichols has not rebutted this evidence.[5]

Although the fiduciary shield doctrine does not apply to corporate officers who, in their roles as corporate agents, injure persons by "tortious activity even if such acts were performed within the scope of their employment as corporate officers," *Stuart*, 772 F.2d at 1197 (quoting *Odell v. Signer*, 169 So. 2d 851, 853–54 (Fla. Dist. Ct. App. 1964)), Nichols has failed to make a prima facie showing that this exception applies here.[6] While Nichols' complaint alleges that Dr. Smith committed deceptive trade practice and the torts of fraud and negligent misrepresentation, these allegations have been refuted by Dr. Smith's unrebutted evidence. Dr. Smith's declaration, together with the Agreement, show that Dr. Smith as an individual did not commit the torts alleged in the complaint. Because Nichols

---

[5]Had Nichols offered sufficient rebuttal evidence in response to Dr. Smith's motion, the court would have been obligated to resolve in Nichols' favor the factual conflicts posed by the evidence for purposes of deciding whether Nichols had satisfied his burden to present a prima facie case for personal jurisdiction. *See Latshaw*, 167 F.3d at 211.

[6]There are other recognized exceptions to the fiduciary shield doctrine, such as when the corporation is used as a mere alter ego for the individual, but no other such exception is at issue in this case.

has not offered any proof to rebut Dr. Smith's evidence, Nichols has not met his burden of presenting a prima facie case for personal jurisdiction. *See Latshaw*, 167 F.3d at 211.

\* \* \*

Accordingly, the court grants Dr. Smith's motion to dismiss and dismisses Nichols' action against Dr. Smith without prejudice for lack of personal jurisdiction by judgment filed today.

**SO ORDERED**.

September 21, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE